```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**STERLING P. FRANKS,**

                   **Plaintiff,**

      v.                             **CASE NO. 04-3396-SAC**

**CORRECTIONAL OFFICER WAITE, et al.,**

                   **Defendants.**

## O R D E R

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983, seeking relief on claims related to disciplinary charges filed against him which resulted in not guilty findings.  Plaintiff claims the disciplinary write ups and related intimidation by a guard were retaliatory, claims he was denied due process in the disciplinary proceedings, and claims the disciplinary actions subjected him to cruel and unusual punishment.

Having reviewed plaintiff's allegations, the court finds all most claims are subject to being summarily dismissed as frivolous and as stating no claim for relief.  28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### Background

*First Disciplinary Report (04-05-153)*

Plaintiff states that while he was incarcerated in the El Dorado Correctional Facility ("EDCF"), he filed an institutional grievance to report that Officer Waite ("Mrs. Waite") and another officer were "horse playing on the job."

The written grievance plaintiff filed (No. 12058) is not dated,

but plaintiff variously states it was filed May 26 or before lunch on May 27, 2004. In it plaintiff cites misconduct by Mrs. Waite towards another inmate and staff on May 25 and 26 which plaintiff verbally reported each date to his Unit Team Manager. In a June 8, 2004, response to this grievance, EDCF staff stated that Mrs. Waite had been counseled about her behavior, and that no further action would be taken. Further review of plaintiff's administrative appeal upheld this response.

Meanwhile, Mrs. Waite filed a disciplinary report on May 27, 2004, charging plaintiff with threatening to hurt her when she directed plaintiff in the lunch dining room to keep his hands off of another inmate. Plaintiff states he told Mrs. Waite to "write it up" because plaintiff was going to write her up for harassment. Plaintiff further states that when Mrs. Waite said she would, plaintiff told her it would hurt her more that it would hurt him because it would be obvious retaliation for the grievance he just filed that morning.

Plaintiff filed a grievance (No. 12059) that same day to complain of retaliatory discipline, citing his encounter with Mrs. Waite in the dining room. In response to this grievance, the Unit Team (Correctional Officer Meyers) stated there was no malice in Mrs. Waite's actions, and that she was acting within the scope of her duties to advise plaintiff of his rules violation and to direct plaintiff to correct his behavior. Further review of plaintiff's administrative appeal by the EDCF Warden and the Secretary of the Kansas Department of Corrections ("KDOC") upheld this response.

On June 2, 2004, the EDCF disciplinary board found plaintiff not guilty of the disciplinary offense. Notes from the disciplinary

hearing include statements by an inmate witness that Mrs. Waite misheard plaintiff, and that no harm had been threatened.

At some date in June 2004, plaintiff filed an institutional grievance (No. 12089) to complain that another officer, Mrs. Waite's husband, threatened plaintiff on June 16, 2004, about bothering Mrs. Waite. No additional discipline or adverse consequences apparently resulted from this encounter. The administrative response to plaintiff's grievance stated that Mr. Waite was within his authority to stop and question plaintiff about plaintiff's conduct, and observed that plaintiff rather than Mr. Waite raised the issue of plaintiff's grievances against Mrs. Waite. Further review of plaintiff's administrative appeal upheld this response.

*Second Disciplinary Report (04-06-157)*

Officer Emery filed a disciplinary report on June 22, 2004, charging plaintiff with "Threatening and Intimidation," based on plaintiff's comments and conduct while in the dayroom with other inmates.

On June 23, 2004, plaintiff filed an institutional grievance (No. 12112) against Officer Emery, claiming she had been threatening and disrespectful to plaintiff the night before. The Unit Team found no merit to this grievance, a response upheld throughout plaintiff's administrative appeal.

On June 28, 2004, plaintiff filed an institutional grievance (No. 12113) to complain of retaliatory discipline. The administrative response found no basis for plaintiff's claim, pointing out that Emery's disciplinary report was issued the day before plaintiff filed his grievance.

Pursuant to a pre-detention report signed by Officer Hopkins,

plaintiff was moved to segregated confinement without a pre-detention hearing based on this disciplinary report. Plaintiff states that administrative review of his segregated confinement was conducted on June 29, 2004, but claims further review by the EDCF warden within 72 hours pursuant to KDOC policies and procedures was not provided.

On July 1, 2004, the EDCF disciplinary board found plaintiff not guilty of the charged offense.

*Review of Administrative Grievances*

Plaintiff contends that KDOC officials who failed to take corrective action on his institutional grievances thereby condoned and approved the violation of plaintiff's rights. Plaintiff further claims Officer Hopkins placed plaintiff in segregation notwithstanding her knowledge that the disciplinary offense was false, claims the EDCF shift supervisor failed to review the disciplinary report for proper form and adequate substance,[1] and claims the EDCF warden failed to provide administrative review of

---

[1] Plaintiff also claims the administrative regulation requiring the shift supervisor's review and approval of a disciplinary report also authorizes the shift supervisor to amend the report as appropriate. Plaintiff claims this regulation violates his rights to substantive due process and equal protection of the laws, but does not allege that any such amendment occurred in a disciplinary report written against him. *See* Aid for Women v. Foulston, 441 F.3d 1101, 1109 (10th Cir. 2006)(stating requirements for standing to challenge a state statute in federal court as: "(1) an injury in fact, (2) a causal connection between the injury and the challenged act, and (3) a likelihood that the injury will be redressed by a favorable decision.")(*quoting* Roe No. 2 v. Ogden, 253 F.3d 1225, 1228-29 (10th Cir. 2001). *See also* Foremaster v. City of St. George, 882 F.2d 1485, 1487 (10th Cir. 1989)(standing requires a showing of an "actual or threatened personal injury, fairly traceable to the defendant's unlawful conduct and likely to be redressed by a favorable decision of the court"), *cert. denied*, 495 U.S. 910 (1990).

4

plaintiff's placement in segregation.

On these allegations plaintiff seeks relief[2] on two claims. First, plaintiff claims defendants violated his constitutional right to due process by subjecting him to the risk of prolonged incarceration and possible loss of good time credits as punishment for plaintiff exercising his rights under the First Amendment. Second, plaintiff claims defendants violated his constitutional right to not be subjected to cruel and unusual punishment.

## Discussion

The court first finds plaintiff's Eighth Amendment claim is subject to being summarily dismissed as frivolous. Although plaintiff cites the stress of being unfairly singled out and charged with disciplinary offenses that were not sustained on review, and of being temporarily held in segregated confinement, these allegations fail to demonstrate any state action that denied plaintiff "the minimal civilized measure of life's necessities," or that any defendant acted with "deliberate indifference" to plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). Plaintiff's allegations of deliberate indifference *to his constitutional rights under the Due Process Clause and the First Amendment*, rather than to his health or safety, state no claim for relief under the Eighth Amendment.

Next, the court observes that plaintiff's reliance on

---

[2]Plaintiff's request for damages remains, but his subsequent release on parole rendered his request for declaratory and injunctive relief moot. See Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions). See also, Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

5

defendants' alleged violation of prison regulations as denying plaintiff his constitutional right to due process has no legal force because a state official's mere failure to follow state law or regulations violates no right of plaintiff's that is protected by federal law.

Plaintiff's claim of being denied due process related to his placement in segregated confinement also fails. A prisoner has no inherent constitutional right in not being placed in disciplinary segregation. <u>Sandin v. Conner</u>, 515 U.S. 472, 487 (1995). The segregation of a prisoner as a form of punishment or as administrative management of a correctional facility is not an unexpected incident of a criminal sentence and does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" protected by the Due Process Clause. <u>Id</u>. at 485. This constitutional standard of "atypical or significant hardship" applies even if the disciplinary charges are false or not sustained. No showing of "atypical or significant hardship" is evident in the present case where the duration of plaintiff's segregated confinement was brief and unremarkable on the face of the complaint.

And finally, the court finds plaintiff's allegations of retaliation by Officer Emery and Mr. Waite fail to state a claim of constitutional deprivation.

It is well established that "prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights," <u>Fogle v. Pierson</u>, 435 F.3d 1252, 1263-64 (10th Cir. 2006)(quotation omitted), and that "prisoners have the constitutional right to petition the Government for redress of their

grievances," Hudson v. Palmer, 468 U.S. 517, 523 (1984). *See e.g.* Penrod v. Zavaras, 94 F.3d 1399, 1405 (10th Cir. 1996)("[T]he jurisprudence prohibiting retaliatory acts against prisoners for reporting grievances is well-established."). It is also well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under 42 U.S.C. § 1983 even if the act, when taken for a different reason, would have been proper." Smith v. Maschner, 899 F.2d 940, 948 (10th Cir. 1990)(*quotations and alterations omitted*).

In the present case, plaintiff claims the two disciplinary charges were filed in retaliation for his filing of grievances to report staff misconduct by Mrs. Waite and Officer Emery. He also claims Mr. Waite threatened him in retaliation for plaintiff's grievance against Mrs. Waite.

The facts in the record, however, clearly do not support a finding of retaliation by Officer Emery in filing the second disciplinary charge, as plaintiff had not yet filed his grievance about this officer's conduct when this officer filed this discipline. Accordingly, plaintiff's allegations support no facts to find a retaliatory motive for Officer Emery's disciplinary report. *See* Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998)(to prevail on retaliation claim the plaintiff must prove that "but for" a retaliatory motive the adverse action would not have occurred).

Likewise, no actionable claim of retaliation by Mr. Waite is stated. This defendant's alleged intimidation is a *di minimis* adverse effect at best, and insufficient to find that an ordinary prisoner would be deterred from filing an institutional grievance in

7

the future about staff misconduct.  *See* Mimics, Inc. v. Vill. of Angel Fire, 394 F.3d 836, 847 (10th Cir. 2005)(stating 3-prong test for retaliation cause of action); Worrell v. Henry, 219 F.3d 1197 (10th Cir. 2000)(same).  *See also* Morris v. Powell, 449 F.3d 682 (5th Cir.)("retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights"), *cert. denied*, 127 S. Ct. 596 (2006).

As to plaintiff's allegations regarding the first disciplinary action filed by Mrs. Waite, and the denial of relief on plaintiff's administrative grievance complaining of retaliatory discipline (No. 12059), the court finds a response is warranted.  If all factual assertions and reasonable inferences to be drawn therefrom are accepted as true, as the court must do at this stage of the proceeding, plaintiff is entitled to go forward on this claim.

## Conclusion

The court thus directs plaintiff to show cause why all claims, but for plaintiff's claim of retaliatory discipline by Mrs. Waite and the denial of plaintiff's administrative grievance No. 12059 by Correctional Officer Meyers, Warden Ray Roberts, and Secretary of Corrections Cummings, should not be dismissed as frivolous and as stating no claim for relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...is frivolous or malicious [or] fails to state a claim on which relief may be granted").  An order directing the clerk's office to prepare summons and waiver of service of service of summons forms will follow after

8

all claims found to be frivolous and as stating no claim for relief have been dismissed.

IT IS THEREFORE ORDERED that plaintiff is granted thirty (30) days to show cause why the claims identified by the court as frivolous and as stating no claim should not be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS SO ORDERED.**

DATED:  This 11th day of March 2008 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge