IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STERLING P. FRANKS,

                        Plaintiff,

       v.                                   CASE NO. 04-3396-SAC

CORRECTIONAL OFFICER WAITE, et al.,

                        Defendants.

**O R D E R**

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 while he was incarcerated in the El Dorado Correctional Facility (EDCF), seeking damages[1] on claims related to two disciplinary charges filed against him that both resulted in not guilty findings. Plaintiff claims the disciplinary charges against filed against him by two different EDCF officers were false and in retaliation for his submission of administrative grievances against the charging officers. Plaintiff further claims he was improperly intimidated by another guard concerning the first

---

[1] As previously noted by the court, plaintiff's claim for damages remains, but all other relief sought was rendered moot by plaintiff's release from EDCF. Although plaintiff names all defendants in both their official and individual capacity, plaintiff's claims for damages against any defendant in their official capacity is defeated. *See* Kentucky v. Graham, 473 U.S. 159, 169 (1985)(Eleventh Amendment immunity protects state officials sued for damages in their official capacity). *See also* Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989)("neither a State nor its officials acting in their official capacities are 'persons' under 42 U.S.C. § 1983"). Accordingly, plaintiff proceeds against each defendant only in their individual capacity.

disciplinary action, and claims the remaining defendants' failure to protect plaintiff's rights denied him due process and subjected him to cruel and unusual punishment.

Officer (Mrs.) Waite filed the first disciplinary report (04-05-153) after plaintiff filed an institutional grievance to report misconduct by this officer. Related to that disciplinary report, plaintiff filed an institutional grievance to complain that Officer (Mr.) Waite threatened plaintiff about bothering Mrs. Waite. No additional discipline or adverse consequences resulted from this encounter.

Officer Emery filed the second disciplinary report (04-06-157) on June 22, 2004. Plaintiff filed an institutional grievance the next day, claiming this officer had been threatening and disrespectful to plaintiff the night before. Noting plaintiff's filing of an administrative grievance against this officer on June 23, 2004, the court reasoned the disciplinary report written by Officer Emery could not be in retaliation for a grievance plaintiff had not yet submitted.

By an order dated March 11, 2008, the court directed plaintiff to show cause why plaintiff's claims of being denied due process and subjected to cruel and unusual punishment should not be dismissed as stating no claim for relief under 42 U.S.C. § 1983. The court further found plaintiff's claim of retaliation against Mrs. Waite warranted a response, but directed plaintiff to show cause why all remaining claims should not be summarily dismissed as stating no claim for relief. Having reviewed plaintiff's response, the court

enters the following findings and order.

*Due Process and Cruel and Unusual Punishment*

The court continues to find that plaintiff presents no cognizable constitutional claim for seeking relief under 42 U.S.C. § 1983 against Officer (Mr.) Waite for this officer's alleged unprofessional conduct in addressing plaintiff "man to man" about plaintiff's interactions with Officer (Mrs.) Waite. All claims against this defendant will be dismissed.

Also, because plaintiff's response to the show cause order does not address the court's directive concerning plaintiff's due process and Eighth Amendment claims, the court concludes these claims should be dismissed as stating no claim for relief for the reasons already stated by the court. *See* 28 U.S.C. § 1915A(a) and (b).

*Discipline - Retaliation*

Plaintiff's response to the March 11, 2008, order focuses on the court's reading of the record as containing no factual basis for any claim of retaliation concerning the second disciplinary action. Plaintiff points out that Officer Emery's disciplinary report was not filed until the evening of June 23, after plaintiff had filed an institutional grievance against her earlier that same morning. Accordingly, because the facts do not necessarily foreclose plaintiff's claim that Officer Emery issued a false disciplinary report against plaintiff in retaliation for plaintiff's filing of an administrative grievance to complain about this officer's handling of the incident the previous night, the court finds plaintiff's allegations and the reasonable inferences to be drawn therefrom, if

assumed as true, are sufficient to warrant a response regarding this claim of retaliation as well.

*Review of Plaintiff's Administrative Grievances*

Finally, the court finds plaintiff's claims against remaining defendants Hopkins, Hughes, Roberts, Cummings, and Werholtz should be dismissed.[2]  Plaintiff alleges only that these defendants failed to take corrective action on his institutional grievances in which he alleged staff misconduct and retaliation.  This is insufficient to state any claim upon which relief can be granted under § 1983 against any of these defendants.

It is well established that a defendant's personal participation in the alleged violation of a plaintiff's constitutional rights is essential for seeking relief under 42 U.S.C. § 1983 against any defendant in their individual capacity, Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976), and that plaintiff cannot rely on the doctrine of respondeat superior to hold a defendant liable based only on his supervisory position, Serna v. Colorado Dept. of Corrections, 455 F.3d 1146, 1151 (10th Cir. 2006).  Instead, plaintiff must establish "a deliberate, intentional act by the supervisor to violate [the plaintiff's] constitutional rights."  Id. at 1151 (quotation omitted).  Plaintiff has not done so in this case.

Plaintiff points only to inadequate and non-favorable

---

[2] For the reasons stated herein, the court modifies its assessment in the March 11, 2008, order that a response from these defendants was necessary on plaintiff's first retaliatory discipline claim.

4

administrative responses to grievances which involve no deliberate indifference by prison staff to plaintiff's safety or welfare. Plaintiff is not constitutionally entitled to a grievance procedure or to any particular administrative response, thus he cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, investigated, or resolved. Booth v. King, 346 F.Supp.2d 751, 761 (E.D.Pa. 2001). Additionally, to the extent defendants Hopkins, Hughes, Roberts, Cummings, or Werholtz were involved in reviewing plaintiff's administrative grievances and appeals, their "mere involvement [in] processing a grievance at an administrative level does not establish the affirmative link required to establish supervisor liability for an employee's conduct," and thus fails to establish any defendant's personal participation in a constitutional violation. Sutton v. Corrections Corp. of America, 2008 WL 2797008, *7 (D.Colo. 2008)(citing unpublished opinions in other courts).

## Conclusion

For these reasons the court concludes plaintiff is entitled to proceed on his claims of retaliatory discipline against Officer (Mrs.) Waite and Officer Emery.[3] The court also finds additional

---

[3] The court finds good cause exists for granting plaintiff a reasonable time from the date of this order to obtain service of process on these two defendants. See Fed.R.Civ.P. 4(m)(allows the court to dismiss an action against a defendant if the plaintiff fails to accomplish service of process upon that defendant within 120 days after the complaint is filed, but also permits the court to extend the service period for good cause shown).
    Plaintiff has notified the court that both defendants are no longer employed by the Kansas Department of Corrections. Plaintiff proceeds in forma pauperis in this matter, and thus is entitled to the court's issuance and service of process. 28 U.S.C. § 1915(d).

information from appropriate officials of the Department of Corrections of the State of Kansas is required for the proper and judicial processing of these claims.  *See* Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).  *See also* Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).  All claims seeking relief against any defendant for the alleged denial of due process and the alleged violation of plaintiff's right to not be subjected to cruel and unusual punishment are dismissed as stating no claim for relief, as are all claims against defendants (Mr.) Waite, Hopkins, Hughes, Roberts, Cummings, and Werholtz.

IT IS THEREFORE ORDERED that plaintiff's claims of being denied due process and of being subjected to cruel and unusual punishment are summarily dismissed, and that defendants (Mr.) Waite, Hopkins, Hughes, Roberts, Cummings, and Werholtz are dismissed from the complaint.

IT IS FURTHER ORDERED that:

(1)  The clerk of the court shall prepare appropriate summons or waiver of service of summons forms for defendant Officers (Mrs.) Waite and Emery pursuant to Rule 4 of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  The report required herein shall be filed no later than sixty (60) days from the date of this

---

However, because it appears plaintiff is no longer incarcerated, plaintiff is to provide a current location or address for each of these defendants to assist the United States Marshal Service in its service of process.

order, and the answer shall be filed within twenty (20) days following the receipt fo that report by counsel for defendants.

(3)  Officials responsible for the operation of the El Dorado Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a)  to ascertain the facts and circumstances;

(b)  to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(c)  to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(4)  Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the complaint.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(5) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts.

(6)  No answer or motion addressed to the complaint shall be filed without leave of the court until the <u>Martinez</u> report has been prepared.

(7)  Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the

complaint and the report requested herein. This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

(8) The clerk of the court shall transmit copies of this order to plaintiff, to defendants, to the Secretary of Corrections of Kansas, and to the Attorney General of the State of Kansas.

IT IS FURTHER ORDERED the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the <u>Martinez</u> report ordered herein. Upon the filing of that report, the Department of Corrections may move for termination from this action.

**IT IS SO ORDERED.**

DATED: This 19th day of September 2008 at Topeka, Kansas.

<pre>
                              s/ Sam A. Crow
                             SAM A. CROW
                             U.S. Senior District Judge
</pre>