```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**STERLING P. FRANKS,**

                         **Plaintiff,**

            v.                                **CASE NO. 04-3396-SAC**

**CORRECTIONAL OFFICER WAITE, et al.,**

                         **Defendants.**

## O R D E R

    Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 while he was incarcerated in the El Dorado Correctional Facility (EDCF), seeking damages on claims related to two disciplinary charges filed against him that both resulted in not guilty findings. Over the course of this pending litigation, the court has dismissed all claims and defendants but for plaintiff's claims against EDCF Officers Waite and Emery, each in their individual capacity, for their alleged retaliatory filing of false disciplinary actions against plaintiff.

    By an order dated September 22, 2008, the court dismissed all other claims and defendants, requested the preparation of a Martinez report by officials at EDCF, and ordered the clerk's office to prepare summons and waiver of service of summons forms for service by the United States Marshal Service on defendants Waite and Emery. The court specifically found good cause existed for excusing the delayed service of process on the two remaining defendants. *See* Fed.R.Civ.P. 4(m)(allows the court to dismiss an action against a defendant if the plaintiff fails to accomplish service of process

upon that defendant within 120 days after the complaint is filed, but also permits the court to extend the service period for good cause shown). Observing plaintiff's notification on the record that both remaining defendants were no longer employed by the Kansas Department of Corrections, and plaintiff's apparent release from custody, the court directed plaintiff to provide a current location or address for each remaining defendant to assist the United States Marshal Service in its service of process.

The record discloses that the summons and waiver of service of summons forms prepared and issued to both remaining defendants in October 2008 were returned to the court unexecuted. Since then, plaintiff has notified the court in October and December of changes in his address, and has each time generally requested information about the status of his case.[1] Plaintiff has not addressed the fact that no service of process was ever executed on either of the remaining defendants, nor has he provided any information about either defendant's current location or address.

Because plaintiff proceeds in forma pauperis in this matter, he is entitled to the court's issuance and service of process. 28 U.S.C. § 1915(d). Plaintiff, however, is no longer incarcerated. Although he proceeds in forma pauperis, it is neither the role nor the responsibility of the Court or the U.S. Marshals Service to investigate the whereabouts or to locate parties to a lawsuit. *See generally* Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 483-84

---

[1] In the normal course, the clerk's office sends a copy of the docket sheet in response to such a request from a pro se litigant.

(1995); Self v. Fresenius Medical Care, 84 Fed.Appx. 54, 56 (10th Cir. Dec.18, 2003)(unpublished).[2]  *See also* Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(the court should not assume the role of advocate for a pro se litigant).

Additionally, plaintiff bears the responsibility of prosecuting his case with due diligence.  Although "numerous circuits have held that good cause exists to excuse a plaintiff's failure to serve where the plaintiff is proceeding in forma pauperis and is therefore entitled to rely on service by the U.S. Marshal," Olsen v. Mapes 333 F.3d 1199, 1204 (10th Cir. 2003)(citing cases), more than four months without plaintiff's assistance or involvement in locating the defendants, as directed by the court, is not reasonable.  Unlike Olsen, plaintiff has not "demonstrated sincere efforts to comply with the court's orders," nor is "the record is replete with Plaintiffs' attempts to comply with the rule."  Id. at 1205.  Under these circumstances, the Marshal's failure to effect service of process no longer constitutes "good cause" under Rule 4(m) for avoiding dismissal of the two defendants remaining in this case.

The Tenth Circuit has cautioned that a district court should not dismiss a pro se plaintiff's complaint for failure to effect proper service without first providing the plaintiff with specific instructions on how to correct the defects in service.  See id. at 1204-05.  In the present case, the court has already identified the problem to be corrected in order to obtain service of process on the

---

[2]This unpublished Tenth Circuit decision is cited for persuasive value only under 10th Cir. Rule 32.1, and not as binding precedent.

remaining defendants, and finds all claims against the remaining defendants are subject to being dismissed without prejudice under Rule 4(m) unless plaintiff either himself effects service upon the remaining two defendants, or provides the Court with sufficient information and/or an accurate current location such that the Marshal is able to effect service upon them.  *See* Fed.R.Civ.P. 41(b)(dismissal based on failure to prosecute or otherwise comply with the rules of procedure or an order of the court).  *See also* Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

   IT IS THEREFORE ORDERED that plaintiff is granted thirty (30) days to effect service on defendants Waite and Emery, or to provide the Marshal Service with current location or address information for these defendants.  The failure to do so may result in dismissal of the complaint without further prior notice to plaintiff.

   IT IS FURTHER ORDERED that the court's request for a Martinez report in this matter is suspended until further order.

   **IT IS SO ORDERED.**

   DATED:  This 11th day of March 2009 at Topeka, Kansas.


                            s/ Sam A. Crow
                            SAM A. CROW
                            U.S. Senior District Judge

4